UNITED STATES of America,
Appellee,

v.

Sharon COLE, Defendant–Appellant.

No. 07–3640–CR.

United States Court of Appeals,
Second Circuit.

Oct. 20, 2008.

Arza Feldman (Steven A. Feldman, of counsel), Feldman and Feldman, Uniondale, NY, for Defendant–Appellant.

Jacqueline L. Spratt (Susan Corkery, of counsel) for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: PIERRE N. LEVAL, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant Sharon Cole appeals from a judgment of conviction entered August 22, 2007 following a jury trial of one count of conspiracy to import cocaine in violation of 21 U.S.C. §§ 960 and 960(b)(2)(B)(ii) and one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(ii)(II). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

On an appeal challenging the sufficiency of the evidence in support of a conviction, we review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and we reverse only if no rational fact finder could have found guilt beyond a reasonable doubt. *United States v. Gaskin*, 364 F.3d 438, 459–60 (2d Cir.2004). Cole argues that there was insufficient evidence to permit a jury to conclude that she participated in a conspiracy to distribute cocaine because the evidence showed only her involvement in cocaine importation. *See United States v. Manbeck*, 744 F.2d 360, 390–91 (4th Cir.1984) (holding that the crew members on a boat carrying marijuana could be held guilty for conspiracy to import marijuana, but there was insuffi-cient evidence of conspiracy to distribute marijuana). The record contained evidence, however, that Cole gave the woman who transported the drugs the name and phone number of the man who would take delivery of them in New York. As we have explained, "a defendant who holds narcotics solely for personal use is in possession; one who delivers or transfers narcotics to another-for consideration or gratis-is distributing." *United States v. Wallace*, 532 F.3d 126, 129 (2d Cir.2008). Thus, the evidence that Cole worked with the drug importer to help her deliver cocaine to another individual satisfied the requirement of a "showing of [Cole's] knowledge of the [distribution] conspiracy's purpose and some action indicating [her] participation." *Manbeck*, 744 F.2d at 390 (quoting *United States v. Laughman*, 618 F.2d 1067, 1075 (4th Cir.1980)).

We have considered Cole's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**